# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                :        CHAPTER 13
                                      :
TAMMY L. ASHBRIDGE                    :        CASE No. 19-15646 ELF

## BHCU, F/K/A BOEING HELICOPTERS CREDIT UNION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)

**COMES NOW,** BHCU, f/k/a Boeing Helicopters Credit Union (the "Credit Union"), by and through its attorneys, Steven L. Sugarman & Associates, and moves this Honorable Court for an Order granting it relief from the automatic stay pursuant to 11 U.S.C. §362(d), and in support thereof, states as follows:

1. The Credit Union is authorized to conduct business in the Commonwealth of Pennsylvania, and maintains offices at 501 Industrial Highway, Ridley Park, Pennsylvania 19078.

2. The Debtor, Tammy L. Ashbridge (the "Debtor"), is an adult individual, mortgagor and presumed heir, successor or assign of Darlene J. Ashbridge, Deceased, who resides and receives mail at 115 Willows Avenue, Norwood, Pennsylvania 19074.

3. The Debtor filed a voluntary Petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §101 *et seq.* (the "Code"), on September 11, 2019.

4. Upon filing the Petition, an Order for relief was entered in favor of the Debtor.

5. The Credit Union made loans to the Debtor on August 26, 2009 and April 28, 2004, each evidenced by a Loan Agreement.

6. On September 17, 2015, the Debtor executed a Note Modification Agreement pursuant to which the Credit Union consolidated Debtor's several obligations and advanced additional funds, to be repaid in bi-weekly installments each in the amount of $608.03, with the final payment of any remaining balance due to the Credit Union on or prior to September 30, 2035. A true and correct copy of the Note Modification Agreement is attached hereto and incorporated herein as Exhibit "A."

7. The obligations described in the Note Modification Agreement were secured by existing mortgages executed by Tammy and Darlene J. Ashbridge, now deceased, in favor of the Credit Union, concerning real property known as and located at 115 Willows Avenue, Norwood, Pennsylvania 19074 (the "Property"). True and correct copies of the mortgages are collectively attached hereto and incorporated herein as Exhibit "B."

8. As a consequence of defaults, the Credit Union initiated mortgage foreclosure proceedings against the Debtor and the unknown heirs, successors and assigns of Darlene J. Ashbridge, Deceased, in the Court of Common Pleas of Delaware County, ultimately obtaining a Judgment in the amount of $139,986.60. A true and correct copy of the recorded foreclosure Judgment is attached hereto and incorporated herein as Exhibit "C."

9. Thereafter, the Credit Union caused the Property to be scheduled for sale by the Sheriff of Delaware County on September 20, 2019.

10. The Debtor filed a Chapter 13 Plan which provides, *inter alia*, for direct payment of current monthly mortgage installments to the Credit Union and to cure pre-Petition arrears in the estimated amount of $14,000.00 via Trustee payments.

11. The Credit Union filed a Proof of Claim asserting a pre-Petition arrearage in the amount of $26,783.33.

12. Moreover, the Plan does not provide for resolution of the sums due to the Commonwealth of Pennsylvania for Estate taxes, nor for delinquent real estate taxes against the Property.

13. In addition, the Debtor failed to remit any payments to the Credit Union since the above-captioned Petition was filed.

14. Section 362(d) of the Code provides, in pertinent part, as follows:

> On request of a party in interest after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -

      (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

      (2) with respect to a stay of an act against property under subsection (a) of this section, if -

          (A) the debtor does not have an equity in such property; and

          (B) such property is not necessary to an effective reorganization.

15. The Credit Union is entitled to an Order granting it immediate relief from the automatic stay imposed by 11 U.S.C. §362(a) for cause, because the Debtor failed to transmit adequate protection payments to the Credit Union for its lien against the Property since the Petition was filed.

16. The Credit Union is also entitled to an Order granting it immediate relief from the automatic stay imposed by 11 U.S.C. §362(a) for cause, because the Plan fails to provide adequate protection to the Credit Union and does not provide for resolution of senior liens due to the Commonwealth of Pennsylvania and the real estate taxing authorities.

**WHEREFORE,** BHCU, f/k/a Boeing Helicopters Credit Union, moves this Honorable Court to enter an Order:

A. Terminating the automatic stay as to BHCU, f/k/a Boeing Helicopters Credit Union, with respect to the real property located at 115 Willows Avenue, Norwood, Pennsylvania 19074;

B. Permitting the Credit Union to take such actions and seek such remedies with respect to the Property as are permitted by state law; and

      C.    Granting such other and further relief as this Honorable Court deems just and proper.

           STEVEN L. SUGARMAN & ASSOCIATES

By: /s/ Elliot H. Berton, Esquire
    Steven L. Sugarman, Esquire
    Elliot H. Berton, Esquire
    Attorneys for BHCU, f/k/a
    Boeing Helicopters Credit Union