Stip affects plan
Confirmation 11/26/19

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| TAMMY L. ASHBRIDGE | : | CASE No. 19-15646 ELF |

### STIPULATION RESOLVING BHCU, F/K/A BOEING HELICOPTERS CREDIT UNION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)

**COMES NOW,** BHCU, f/k/a Boeing Helicopters Credit Union (the "Credit Union") and Tammy L. Ashbridge (the "Debtor"), by and through their respective attorneys, and by way of Stipulation Resolving BHCU, f/k/a Boeing Helicopters Credit Union's Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. §362(d), state as follows:

A. The Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §101 *et seq.* (the "Code"), on September 11, 2019.

B. The Credit Union made loans to the Debtor on August 26, 2009 and April 28, 2004, which were consolidated pursuant to a Note Modification Agreement executed by the Debtor on September 17, 2015. The Note Modification Agreement required Debtor to remit biweekly installments to the Credit Union, each in the amount of $608.03, with a final payment of the remaining balance payable on or prior to September 30, 2035.

C. The loan obligations are secured by mortgages executed by the Debtor and Darlene Ashbridge, now deceased, against the residence located at 115 Willows Avenue, Norwood, Pennsylvania 19074 (the "Property").

D. After defaults, the Credit Union initiated mortgage foreclosure proceedings and obtained a Judgment in the Court of Common Pleas of Delaware County in the amount of $139,986.60.

E. Subsequently, the Property was scheduled for sale by the Sheriff of Delaware County on September 20, 2019.

F. On October 11, 2019, the Credit Union filed a Motion seeking relief

from the automatic stay because the Debtor failed to remit post-Petition payments to the Credit Union and because the Debtor's Plan did not provide adequate protection for the Credit Union's interest in the Property.

G. After the Motion was filed, the Debtor paid $800.00 to the Credit Union.

H. The parties hereto desire to resolve the Motion without the costs and delays incident to further litigation.

**NOW THEREFORE**, intending to be legally bound, the parties hereto agree as follows:

1. Debtor acknowledges that, as of November 1, 2019, there is a post-Petition delinquency due to the Credit Union in the amount of $1,024.09, exclusive of costs and attorneys' fees.

2. Commencing on November 15, 2019, and biweekly thereafter, Debtor shall transmit the sum of $608.03 to the Credit Union. The sum of $145.00 from each biweekly payment shall be deposited into an interest-bearing tax escrow account to fund post-Petition real estate tax payments.

3. In addition, commencing on November 15, 2019, Debtor shall transmit twelve (12) biweekly payments, each in the amount of $136.01, for application to the post-Petition delinquency.

4. Within thirty (30) days of the date this Stipulation is approved, the Debtor shall file an Amended Chapter 13 Plan to provide sufficient funds to pay the pre-Petition arrearage to the Credit Union, unpaid real estate taxes due as of the date the Petition was filed, and for the Commonwealth of Pennsylvania Estate Tax lien against the Property.

5. All payments shall be made payable to BHCU and transmitted or delivered to 501 Industrial Highway, Ridley Park, Pennsylvania 19078, Attention: Kim Montello.

6. Except as modified hereby, nothing in this Stipulation is intended, nor shall it be construed, as a limitation, waiver, or restriction on the Debtor's continuing

obligations under and pursuant to the Note Modification Agreement, or the Credit Union's mortgage against the Property.

7. In the event Debtor remains in default from any provision of this Stipulation for a period of ten (10) days after written notice to the Debtor transmitted via first-class mail to the Property, with an electronic copy transmitted to Debtor's counsel, Brad J. Sadek, at brad@sadeklaw.com, the Credit Union may file a Certification of Counsel of Default, whereupon the Court shall enter an Order granting the Credit Union relief from the automatic stay permitting the Credit Union to enforce its state law rights concerning the Property.

8. This Stipulation may be executed in counterparts and via facsimile or other electronic transmission, each of which, when assembled and attached hereto, shall constitute one and the same agreement.

9. The Debtor and the Credit Union have authorized their respective attorneys to execute this Stipulation and submit same to the Bankruptcy Court for approval.

**IN WITNESS WHEREOF**, the undersigned attorneys have executed this Stipulation on the dates set forth below.

SADEK AND COOPER LAW OFFICES, LLC          STEVEN L. SUGARMAN & ASSOCIATES

By: _____ 11/5/19                By: _____ 11/6/19
Brad J. Sadek, Esquire    Date             Elliot H. Berton, Esquire    Date
Counsel for Debtor,                        Counsel for BHCU, f/k/a
Tammy L. Ashbridge                         Boeing Helicopters Credit Union

NO OBJECTION AND WITH RESERVATION OF ALL RIGHTS.

WILLIAM C. MILLER, ESQUIRE,
CHAPTER 13 TRUSTEE          NO OBJECTION
                            *without prejudice to any
                            trustee rights and remedies.
By: _____

-3-